## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMESHEO D. CANNON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 18−cv–1361−SMY |
| ) | |
| T.G. WERLICH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

*Pro se* Petitioner Amesheo D. Cannon, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the imposition of his federal sentence in *United States v. Cannon*, No. 1-cr-00073-HEA-2 (E.D. Mo. Aug. 3, 2017) ("Criminal Case"). Petitioner contends that the statute he was convicted and sentenced under in his Criminal Case, 18 U.S.C. § 1958, is "overbroad" and "divisible" such that he should have received a lower sentence for his crime according to the reasoning in *Mathis v. United States*, 136 S.Ct. 2243 (2016), *Welch v. United States*, 136 S.Ct. 1257 (2016), and *Descamps v. United States*, 133 S.Ct. 2276 (2013). (Doc. 1, pp. 1, 6, 12).

This case is before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

1

**Background**

On June 30, 2005, Petitioner Cannon was convicted by a jury of Conspiracy to Commit Interstate Murder for Hire in violation of 18 U.S.C. § 1958 and was sentenced to life without parole. Criminal Case, Doc. 585. He was found not guilty on a charge of Interstate Murder for Hire under the same statute. *Id.* Petitioner appealed on July 15, 2005, but the Eighth Circuit Court of Appeals affirmed the conviction on January 31, 2007. (Doc. 1, p. 5) (citing *United States v. Cannon*, 475 F.3d 1013 (8th Cir. 2007)). Petitioner's petition for a writ of certiorari to the United States Supreme Court was denied on October 1, 2007. *Id.* On September 30, 2008, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but it was denied without an evidentiary hearing. *Id.*

Notably, one of Petitioner's arguments in his § 2255 action sought to hold his defense counsel responsible for failing to seek a "downward departure" from his sentence of life in prison, which is similar to the relief he seeks in the § 2241 action at issue. *See Cannon v. United States*, No. 08-cv-148-HEA, Doc. 11 at 12 (April 20, 2010). In addressing this argument, the Court noted that Petitioner's life sentence was mandatory under 18 U.S.C. § 1958(a), so a lower sentence was not possible. *Id.* at 12-13. Petitioner attempted to appeal on June 11, 2010, but the appellate court denied his application for a certificate of appealability. *Id.* at Doc. 20.

**Discussion**

Petitioner now claims that, because he was not convicted of the murder for hire charge and was instead only convicted of conspiracy to commit murder for hire, the sentencing court "abused its discretion by sentencing the Petitioner to life." (Doc. 1, p. 5). 18 U.S.C. § 1958(a) reads as follows:

> Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended

victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

It is clear that Petitioner believes that because he was found not guilty of the murder for hire charge, he can only be punished as if personal injury rather than death resulted. He claims that *Mathis*, *Descamps*, and *Welch* support this contention. In *Mathis*, the Supreme Court held that Iowa's burglary statute did not qualify as a predicate violent felony under the Armed Career Criminal Act ("ACCA") because it was broader than the "generic" offense of burglary in § 924(e)(2)(B)(ii). *Mathis*, 136 S.Ct. at 2243. Thus, *Mathis* focused on what constitutes a prior violent felony under the ACCA. Specifically, the Supreme Court described various approaches that are used to determine whether a defendant's prior convictions are broader than or fit within a generic crime under the ACCA so as to count toward a sentencing enhancement. *Id.* at 2248-2249. *Descamps* similarly discusses when a prior offense might be considered a violent felony under the ACCA. *Descamps*, 133 S.Ct. at 2281-2282. Unlike *Mathis* and *Descamps*, Petitioner's case has nothing to do with prior convictions being used to enhance his sentence under 18 U.S.C. § 1958(a). Petitioner's argument that *Mathis* and *Descamps* apply to invalidate his sentence is therefore wholly unsupported.

Petitioner also cites to *Welch* in support of his position. The Supreme Court in *Welch* recognized the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015) as retroactive. *Welch*, 136 S.Ct. at 1268. In *Johnson*, the Supreme Court held the imposition of an enhanced sentence under the residual clause of the ACCA unconstitutional , finding the statute's language vague in violation of the Due Process Clause. *Johnson*, 135 S.Ct. at 2563. Because Petitioner's case has

3

nothing to do with the ACCA, however, it is unclear how *Welch* or *Johnson* supports his request for a shorter sentence.

*Mathis*, *Descamps*, and *Welch* aside, Petitioner's "argument challenges the imposition of his sentence, which is a contention ordinarily raised only under § 2255, *see Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), whereas challenges to the execution of a sentence are generally brought under § 2241, *see Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998)." *McCall v. United States*, 304 F. App'x 449, 450 (7th Cir. 2008). Because Petitioner "attacks the imposition, not the execution, of his sentence, he must demonstrate that he falls within the 'savings clause' provided by § 2255, which permits a prisoner to proceed under § 2241 if § 2255 was 'inadequate or ineffective to test the legality of his detention.'" *Id.* (citing 28 U.S.C. § 2255; *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003)).

The Seventh Circuit Court of Appeals has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). As previously noted, *Mathis*, *Descamps*, and *Welch* are inapplicable to Petitioner's case as his sentence was not enhanced as a result of prior convictions. Instead, he was sentenced to life in prison, which was the minimum sentence available to Petitioner under his statute of conviction, 18 U.S.C. § 1958(a). *See Cannon*, No. 08-cv-148-HEA, Doc. 11 at 12-13. Petitioner cites to no

case that directly lends support to his argument that he should have been sentenced as if personal injury resulted from his conspiracy to commit murder for hire based on the language of 18 U.S.C. § 1958(a). Without such a case, Petitioner has failed to meet the first two requirements under the savings clause.

In essence, Petitioner argues the sentence he was given was not appropriate for the crime he was convicted of under 18 U.S.C. § 1958(a). This is an argument that he could have raised prior to this 28 U.S.C. § 2241 action. Accordingly, the Petition does not fall within the savings clause, and this action will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice. Respondent **WERLICH** is also **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 20, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**
